IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| MARTIN DOMINICK DICARLO | § | |
| VS. | § | CIVIL ACTION NO. 9:19cv141 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ORDER REGARDING TRANSFER

Petitioner Martin Dominick DiCarlo, an inmate confined at the Ellis Unit of the Texas Department of Criminal Justice, Institutional Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## Discussion

Petitioner brings this petition challenging the validity of a disciplinary conviction received while confined at the Polunsky Unit.

Pursuant to 28 U.S.C. § 2241(d), a petitioner may bring his petition for writ of habeas corpus in the district court for the district wherein such person is in custody or in the district court for the district within which he was convicted. Section 2241(d) further provides that the district court in the exercise of its discretion may transfer the action to the other district in the furtherance of justice.

Petitioner relates that he is confined based on a conviction received in Williamson County. Petitioner is currently housed at the Ellis Unit which is located in Walker County, Texas. Petitioner contests a disciplinary conviction he received at the Polunsky Unit Disciplinary Court in Livingston, Texas. However, while the Polunsky Unit is located within the jurisdictional boundaries of this court, it is not a criminal district court with jurisdiction to convict and sentence petitioner.

As previously stated, the Ellis Unit is located in Walker County, Texas. Pursuant to 28 U.S.C. § 124, Walker County is in the Houston Division of the Southern District of Texas. Additionally, the county of conviction, Williamson County, is located in Austin Division of the Western District of Texas. As neither Williamson County nor Walker County are located within the

jurisdictional boundaries of the Eastern District of Texas, petitioner has failed to establish jurisdiction exists in this court.

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

Since petitioner complains of a prison disciplinary conviction and is confined in the Houston Division of the Southern District of Texas and all records and witnesses involving this action may be located in such district, the transfer of this action to such division would further justice. Therefore, it is the opinion of the undersigned that this petition should be transferred to the United States District Court for the Southern District of Texas, Houston Division. An Order of Transfer so providing shall be entered in accordance with this Memorandum Order.

SIGNED this 6th day of November, 2019.

_____
Zack Hawthorn
United States Magistrate Judge